UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER IAN GUSTARD,<br><br>Plaintiff,<br><br>v.<br><br>KAMALA D. HARRIS, et al.,<br><br>Defendants. | No. 2:17-cv-0012-EFB P<br><br>ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |

Plaintiff, a federal prisoner proceeding without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] ECF No. 10. Because he has not shown that he is unable to prepay the filing fee for this action, his request is denied.

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). This court also requires a $50 administrative fee. The court may authorize the commencement of an action without prepayment of the fees and costs by a person who submits an affidavit showing that he is unable to pay, i.e., that because of his poverty, he cannot afford the court costs and still provide himself and his dependents with the necessities of life. 28 U.S.C. § 1915(a)(1); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (affidavit is sufficient if it represents that the litigant is "unable to pay for the

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

court fees and costs, and to provide necessities for himself and his dependents") (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).

Plaintiff's *in forma pauperis* application reflects that he is financially able to prepay the filing fee to commence this action. He receives deposits of approximately $1200 a month, and specifically earmarks approximately $125 a month (or $1500 a year) for "case expenses."[2] ECF No. 10 at 1, 2. When he commenced this lawsuit at the end of December, he had only $350 in his account, but as of February 24, 2017, his year-to-date commissary purchases had exceeded $800. *Id.* at 4, 7. He is incarcerated and has no dependents relying on him for financial support. *Id.* at 2. Thus, it is apparent from his application that he has sufficient funds to prepay the $400 filing fee (less than a third of his annual "case expenses" budget), with funds remaining for his discretionary use. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court may consider an inmate's spending choices, such as between a filing fee and comforts purchased in the prison commissary when assessing his *in forma pauperis* application and ability to pay a filing fee).

Significantly, plaintiff also has $100,000 in individual retirement accounts. ECF No. 10 at 2. Plaintiff claims the accounts are "not avail. for withdrawal," but does not explain why. *Id.* The court notes that it may still consider these accounts as available funds in assessing plaintiff's ability to prepay the filing fee even if they are subject to a penalty for early withdrawal. *See, e.g., United States v. Konrad*, 730 F.3d 343, 349 (3d Cir. 2013) (even with a 10% early withdrawal penalty, liquidating retirement assets would not pose an extreme hardship and court may consider them in determining a litigant's ability to pay fees). Judging from plaintiff's *in forma pauperis* application, however, liquidation of his retirement accounts will not be necessary for plaintiff to prepay the filing fee in this case. Therefore, plaintiff's retirement accounts will remain available to him to provide for his future life necessities.

/////

/////

---

[2] The $125 a month figure is derived from plaintiff's representation that he receives $150-$200 every six weeks for case expenses.

Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is denied, and within 30 days of the date of this order, plaintiff must pay the $400 filing fee. Failure to comply with this order will result in the dismissal of this action.

DATED: July 5, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE