1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER GUSTARD,

　　　　　Plaintiff,

　　v.

KAMALA HARRIS, et al.,

　　　　　Defendants.

No.  2:17-cv-0012-TLN-EFB P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a federal inmate proceeding without counsel in this action brought under 42 U.S.C. § 1983.  On January 31, 2020, the court granted in full defendant Morazzini's motion to dismiss, and granted in part defendants McKinney and McCauley' motions to dismiss.  ECF No. 87.  Though numerous potentially cognizable claims remain, defendants have yet to file a responsive pleading in accordance with Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure. Several motions filed by plaintiff, however, remain pending, including: (1) a Motion for Certification of Constitutional Challenge to State Statutes and Regulations (ECF No. 77); (2) a "Notice of Dismissal" as to certain claims in the operative complaint (ECF No. 82); (3) a Motion for Approval to Appeal an Order (ECF No. 88); and (4) a motion to appoint counsel (ECF No. 89).

Motion for Certification of Constitutional Challenges

Plaintiff requests certification of his constitutional challenges to various California statutes and regulations pursuant to Rule 5.1 of the Federal Rules of Civil Procedure.  ECF No.

1

1    77.  Rule 5.1(b) requires the court must certify to the appropriate attorney general that a statute

2    has been questioned in certain specified cases.  The Rule does not apply, however, if a State

3    officer or employee in his or her official capacity is included as a party. Red. R. Civ. P.

4    5.1(a)(1)(B).  This case includes as a party Laura Zuniga, sued in her official capacity as an

5    executive officer of a state agency.  ECF No. 70.  Therefore, Rule 5.1(b) is inapplicable and

6    plaintiff's request for certification (ECF No. 77) must be denied.

7                                              Notice of Dismissal

8           Plaintiff filed a "Notice of Dismissal," expressing his intent to dismiss Count 6 as to

9    defendant McKinney in his individual capacity and Count 7 in full as to all defendants.  ECF No.

10   82.  A plaintiff may voluntarily dismiss an action without court order by filing "(i) a notice of

11   dismissal before the opposing party serves either an answer or a motion for summary judgment;

12   or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P.

13   41(a)(1)(A).  However, Rule 41 "only applies to dismissals of all claims against a particular

14   defendant, not to dismissals of less than all claims against that defendant."  *ECASH Techs., Inc. v.*

15   *Guagliardo*, 35 F. App'x 498, 499 (9th Cir. 2002).  That is, "Rule 41(a) does not encompass the

16   dismissal of individual claims."  *Hells Canyon Pres. Council v. United States Forest Serv.*, 403

17   F.3d 683, 689 n.7 (9th Cir. 2005).  It is Rule 15, which governs amendments to complaints, that

18   applies when a plaintiff wishes to eliminate one or more, but not all claims against a defendant.

19   *Id.* at 687-89.  As discussed below, plaintiff has not complied with Rule 15.

20          On January 31, 2020, the court dismissed most of the claims encompassed by Count 6,

21   some with leave to amend and some without.  *See* ECF No. 78 at 11; ECF No. 87.  The court also

22   dismissed Count 7 in its entirety without further leave to amend.  *Id.*  Thus, plaintiff's Notice of

23   Dismissal is largely moot – relevant only to the extent that Count 6 embodied any further claims

24   against defendant McKinney.  Although McKinney would remain a defendant in this action even

25   with the dismissal of what remains in Count 6, Rule 15 is the proper vehicle for dismissing such

26   claims.  Accordingly, the court construes plaintiff's Notice of Dismissal as a motion to amend

27   pursuant to Rule 15.  So construed, the motion must be denied, as the court requires that all

28   motions to amend be accompanied by a proposed amended complaint.  E.D. Cal. Local Rule 220.

1    Plaintiff's motion is not accompanied by a proposed amended complaint.

2                   Motion for Approval to Take Interlocutory Appeal

3           On January 31, 2020, the court granted in full defendant Morazzini's motion to dismiss

4    and partially granted defendants McKinney and McCauley' motions to dismiss.  ECF No. 87.

5    Plaintiff seeks leave to file an interlocutory appeal of that order and to stay that order pending

6    resolution of the appeal.  ECF No. 88.  The general rule is that an appellate court should not

7    review a district court ruling until after entry of a final judgment. *Association of Irritated*

8    *Residents v. Fred Schakel Dairy*, 634 F.Supp.2d 1081 (E.D. Cal. 2008).  An interlocutory appeal

9    of a non-final order may be certified if the district court determines that "such order involves a

10   controlling question of law as to which there is substantial ground for difference of opinion and

11   that an immediate appeal from the order may materially advance the ultimate termination of the

12   litigation." 28 U.S.C. § 1292(b).  The order in question does not meet this standard.  Plaintiff

13   simply disagrees with it.  He has not demonstrated that there is a controlling question of law at

14   stake or that an interlocutory appeal will facilitate disposition of this action or materially advance

15   the ultimate termination of this action.  As a result, plaintiff's motion should be denied.

16                        Motion for Appointment of Counsel

17          Plaintiff requests appointment of counsel.  ECF No. 89.  District courts may authorize the

18   appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances.

19   *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v.*

20   *Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th

21   Cir. 1988).  In considering whether exceptional circumstances exist, the court must evaluate (1)

22   the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate

23   his claims pro se in light of the complexity of the legal issues involved.  *Terrell*, 935 F.2d at

24   1017.  The court cannot conclude that plaintiff's likelihood of success, the complexity of the

25   issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional

26   circumstances justifying the appointment of counsel at this time.

27   /////

28   /////

                                              3

1

<u>Conclusion</u>

2      Accordingly, IT IS ORDERED that plaintiff's Motion for Appointment of Counsel (ECF

3 No. 89) is DENIED.

4      Further, IT IS RECOMMENDED that:

5      1.     Plaintiff's Motion for Certification of Constitutional Challenges (ECF No. 77) be

6             DENIED;

7      2.     Plaintiff's Notice of Dismissal (ECF  No. 82), construed as a Rule 15 Motion to

8             Amend, be DENIED; and

9      3.     Plaintiff's Motion for Approval to Take Interlocutory Appeal (ECF No. 88), be

10            denied.

11     These findings and recommendations are submitted to the United States District Judge

12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

13 after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties. Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18 DATED:  June 22, 2020.

19

20                                    EDMUND F. BRENNAN
21                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28