UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER IAN GUSTARD,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS R. MCCAULEY, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00012-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>ECF No. 113 |

On December 9, 2021, I granted plaintiff's first motion to modify the April 5, 2021 scheduling order, extending the deadline to serve discovery requests to February 18, 2022. ECF No. 110. On February 17, 2022, plaintiff served requests for production and two sets of interrogatories upon defendants and concurrently filed a second motion to modify the scheduling order, requesting thirty days to serve additional discovery requests following receipt of defendants' responses. ECF No. 113. That motion is now before the court. Defendants have filed an opposition, ECF No. 114, and plaintiff has filed a reply, ECF No. 115.

A court may modify its scheduling order only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, courts primarily consider the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.

Plaintiff asks that the court extend the deadline to serve discovery requests for an additional thirty days following the receipt of defendants' responses to his first discovery requests. ECF No. 113. Plaintiff, who is representing himself while employed full-time in another occupation, *see* ECF No. 111, timely served requests for production and two sets of interrogatories on defendants; in so doing, he demonstrated diligence with the court's scheduling order. He has also identified a reasonable interest in serving requests that are responsive to information gained through his initial discovery requests. Good cause appearing, I will grant plaintiff thirty days to serve additional discovery requests and modify the scheduling order accordingly.

In doing so, I am mindful of the court's interest in the efficient resolution of this case, which has been active for more than five years and for which discovery has been open for more than a year. Plaintiff is therefore advised that additional motions seeking extensions or to modify the scheduling order should explain with particularity why his "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated . . . and that [he] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he] could not comply with the order." *Singleton v. United States*, No. S04-1486-FCD-DAD, 2006 WL 2791152, at *2 (E.D. Cal. Sept. 27, 2006) (internal citations and quotation marks omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order, ECF No. 113, is granted.

2. The deadline for completing discovery, including filing all motions to compel discovery, is extended to July 6, 2022.

3. The deadline for serving requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 is extended to June 6, 2022.

4. The deadline for filing dispositive motions is extended to October 6, 2022.

IT IS SO ORDERED.

Dated:   May 5, 2022

                JEREMY D. PETERSON
                UNITED STATES MAGISTRATE JUDGE