UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER IAN GUSTARD, | Case No. 2:17-cv-00012-TLN-JDP (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT PLAINTIFF'S MOTION TO STRIKE BE DENIED AND THAT PLAINTIFF BE GRANTED THIRTY DAYS TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| DOUGLAS R. McCAULEY, *et al.*, | |
| Defendants. | |
| | ECF No. 145 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff moves to strike defendants' motion for summary judgment for want of a *Rand* Notice. ECF No. 145. Defendants have filed an opposition, ECF No. 146, and plaintiff has not filed a reply within the allotted time. I recommend that the motion to strike be denied, and that plaintiff be directed to file an opposition or statement of non-opposition to defendants' motion within thirty days.

The purpose of the *Rand* notice is to give a pro se prisoner litigant "fair notice" of the requirements and consequences of the summary judgment rule because of the "complexity of [that] rule combined with the lack of legal sophistication of the pro se prisoner." *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998). The notice must "apprise an unsophisticated

1

prisoner of his . . . rights and obligations under Rule 56"; inform the prisoner of his "right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that the failure to do so might result in the entry of summary judgment against the prisoner"; and inform the prisoner of "the effect of losing on summary judgment." *Id.* (citations omitted).

Here, it is undisputed that plaintiff was not a prisoner at or near the time defendants filed their motion.[1]  And the Court of Appeals has indicated that the *Rand* notice requirement does not apply to non-prisoner litigants. *See James v. Puga*, 585 F. App'x 510, 511 (9th Cir. 2014) ("However, *Rand* does not apply to this case because the record indicates that by the time the defendants filed their summary judgment motions, James was no longer incarcerated.") (citing *Jacobsen v. Riller*, 790 F.2d 1362, 1364 (9th Cir. 1986)); *Anderson v. Deleon*, No. C 12-6055 SI (PR), 2014 WL 3595020, at *4 (N.D. Cal. July 21, 2014) ("Due to his non-prisoner status at the time the motion was filed, Anderson was not entitled to the *Rand* notice regarding summary judgment because the *Rand* notice requirement has not been extended to non-prisoner *pro se* litigants.") (citing *Rand*, 154 F.3d at 960; *Jacobsen*, 790 F.2d at 1364-65 & n.4).  In any event, plaintiff has not filed an opposition to defendants' motion and defendants have now provided him with a *Rand* notice, *see* ECF No. 146 at 5.

I recommend that the deadline for plaintiff to file his opposition to defendants' motion for summary judgment be extended to thirty days after the issuance of any order adopting these findings and recommendations and that plaintiff's motion to strike be denied.

Accordingly, it is RECOMMENDED that plaintiff's motion to strike, ECF No. 145, be denied and plaintiff be directed to file an opposition or statement of non-opposition to defendants' motion for summary judgment within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge

---

[1] Plaintiff's change of address, filed April 16, 2020, noted that he had been "accepted for release to residential home confinement . . . . [and he] will remain on home confinement until October 15, 2020[,] at which time he will be supervised by the U.S. Probation Office . . . . ." ECF No. 95.  A review of the Federal Bureau of Prisons inmate locator confirms that plaintiff was released on October 15, 2020. https://www.bop.gov/inmateloc/ (last visited March 18, 2024).  Defendants filed their motion for summary judgment on December 7, 2023.  ECF No. 143.

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE