UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER IAN GUSTARD,<br><br>Plaintiff,<br><br>v.<br><br>MCCAULEY, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00012-TLN-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 143<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this case against defendants Douglas McCauley, Matthew McKinney, and Laura Zuniga, at relevant times members of the California Architecture Board's Landscape Architecture Technical Committee ("LATC"), alleging that the LATC's decision to revoke his license due to his conviction for distributing child pornography was violative of his due process rights. ECF No. 30. Defendants have moved for summary judgment, ECF No. 143, plaintiff has filed an opposition, ECF No. 152, and defendants have filed their reply, ECF No. 153. For the reasons stated below, I recommend that defendants' motion be granted.

    A.    <u>Legal Standards</u>

1

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this

1   initial burden, the burden then shifts to the non-moving party "to designate specific facts
2   demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
3   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
4   the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
5   U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
6   issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
7   require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
8   *Electrical Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).
9       The court must apply standards consistent with Rule 56 to determine whether the moving
10  party has demonstrated there to be no genuine issue of material fact and that judgment is
11  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
12  "[A] court ruling on a motion for summary judgment may not engage in credibility
13  determinations or the weighing of evidence."  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
14  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
15  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
16  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
17  198 F.3d 1130, 1134 (9th Cir. 2000).
18      B.   Background
19      As noted above, plaintiff's license to practice as a landscape architect in California was
20  revoked in 2016 after he was convicted of distributing child pornography. ECF No. 30 at 14, 30,
21  60-63.  The relevant license had first been awarded in 2003. ECF No. 1 at 13-14.  In March 2012,
22  in federal court, plaintiff pled guilty to a felony charge of distributing child pornography. *Id.* at
23  14.  Plaintiff's license expired at the end of 2013 and was not renewed. *Id.*  In May 2015,
24  defendant McCauley, who was at that time the executive officer of the LATC board, presented an
25  accusation to the board noting plaintiff's conviction and arguing that revocation of his license was
26  warranted. ECF No. 30 at 68-71.  Plaintiff learned of the accusation on June 11, 2015. ECF No.
27  1 at 15.  Initial service of the accusation was defective, however, insofar as it was effected at an
28  address other than the prison where plaintiff was incarcerated. *Id.* at 14-15.  Service was

eventually accomplished at the prison, but plaintiff maintained it was improper because documentation was not complete. *Id.* at 29-30.

A hearing on the accusation was held before an administrative law judge ("ALJ") in March 2016, and the ALJ rejected plaintiff's argument that service had been improper. *Id.* at 17. On May 5, 2016, the ALJ found that plaintiff's conviction was substantially related to the qualifications, duties, and functions of a landscape architect and that revocation of plaintiff's license was proper. ECF No. 30 at 62-67. The LATC board adopted the ALJ's decision on June 9, 2016, and revoked plaintiff's license. *Id.* at 61. On June 28, 2016, plaintiff requested a stay of that decision to permit him time to file a petition for reconsideration. *Id.* at 76-78. The LATC board granted the request on July 8, 2016, and the decision was stayed until August 8, 2016. *Id.* at 80. The petition was not received at LATC offices until August 8, 2016 and, thus, the decision had already taken effect by the time the LATC board could reasonably have considered his petition. ECF No. 143-4 at 2, ¶¶ 7-9. The decision taking effect deprived the board of jurisdiction to review the petition for reconsideration. *Id.* at 2, ¶7.

Plaintiff now alleges that the revocation violated his due process rights because:

(1) California Business and Professions Code sections 490(a), 5615, and 125.3, and California Code of Regulations title 16, sections 2655(a) and 2656(b), violated his Fourteenth Amendment rights because they are "unconstitutionally overbroad" and "impermissibly vague." ECF No. 30 at 15-22.

(2) Defendant McKinney failed to provide him with notice of the deadlines set by Government Code section 11523 for filing a petition for writ of mandate under section 1094.5. ECF No. 30 at 23-25.

(3) Defendant McKinney, in his individual capacity, incorrectly determined that plaintiff's petition for reconsideration of the board's decision was untimely, and defendant McCauley, also in his individual capacity, failed to correct that mistake. *Id.* at 26-27.

(4) The LATC board violated his procedural due process rights by failing to provide him notice of Government Code section 11523 and failing to grant his petition for reconsideration. *Id.* at 25-27.

4

1    (5) The LATC board violated his due process rights by failing to provide him with a
2 hearing after he requested that it review his license status in December 2013, and it subsequently
3 and erroneously denied a request for renewal. *Id.* at 30-32, 40.
4    All other claims raised in the operative complaint were previously dismissed. ECF Nos. 78
5 & 87.

      C.     Analysis

          1.     Standing

8    As an initial matter, I must consider defendants' argument that plaintiff lacks standing to
9 pursue the foregoing claims. ECF No. 143-1 at 22. Standing is a jurisdictional requirement in
10 federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish
11 standing: (1) a plaintiff must have suffered "an injury in fact" that is not "conjectural" or
12 "hypothetical;" (2) there must be a causal connection between the injury and the defendants'
13 alleged misconduct; and (3) it must be likely that the injury will be redressed by a favorable
14 decision. *Id.* Defendants argue that plaintiff lacks standing because where, as here, plaintiff
15 seeks only declaratory and injunctive relief, he must also establish "a very significant threat of
16 future harm" rather than alleging only past injury. *See San Diego Gun Rights Comm. v. Reno*, 98
17 F.3d 1121, 1126 (9th Cir. 1996). They contend that he has failed to allege such harm insofar as
18 there is no evidence that he will be subject to future enforcement action under the laws he
19 challenges and based on his conviction.

20    This argument may appear persuasive at first blush. Plaintiff has not offered evidence that
21 the proceedings he challenges, and the laws that undergirded them, are likely, or even possible, to
22 recur. The rub, however, lies in whether the injury plaintiff complains of is a "past injury." In his
23 complaint, plaintiff seeks to enjoin enforcement of the decision revoking his license, ECF No. 30
24 at 46-47, thereby classifying the injury as an 'active' one, still capable of injunctive redress. And
25 this appears correct to me. To accept otherwise would mean that, hypothetically, laws that are
26 unconstitutionally vague could be applied by a state to deprive a claimant of a license or a
27 position and, absent a state waiving its Eleventh Amendment immunity for money damages, no
28 relief could be obtained because the injury would be both past and non-recurring.

If the injury is active, then plaintiff has met the other requirements for standing. He suffered an injury in fact in the revocation of his license, he alleges that defendants' application of unconstitutional laws was the cause of that deprivation, and he seeks an order that would, effectively, restore his license.

Accordingly, I find that plaintiff has standing to pursue this case. For the reasons stated below, however, I find that defendants are entitled to summary judgment on other grounds.

### 2. As Applied Due Process Claims

As noted above, plaintiff alleges that California Business and Professions Code sections 490(a), 5615 and 125.3, and California Code of Regulations, title 16, sections 2655(a) and 2656(b), violate his Fourteenth Amendment due process rights because, as they were applied to him, they are "unconstitutionally overbroad" and "impermissibly vague." He is incorrect.

A statute is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it invites arbitrary and discriminatory enforcement." *United States v. Doremus*, 888 F.2d 630, 634 (9th Cir. 1989). "Outside the First Amendment context, a plaintiff alleging facial vagueness must show that the enactment is impermissibly vague in all its applications." *Humanitarian Law Project v. U.S. Treasury Dep't*, 578 F.3d 1133, 1146 (9th Cir. 2009) (internal quotation marks omitted). Defendants argue, and I agree, that the pertinent question here is whether the provisions invite arbitrary enforcement; none of them proscribe conduct. Arbitrary enforcement arises when a statute fails to include "minimal guidelines to govern law enforcement." *Kolender v. Lawson*, 461 U.S. 352, 358 (1983).

#### a. Sections 490(a) and 2655

Section 490(a) of the California Business and Professions Code provides:

> In addition to any other action that a board is permitted to take against a licensee, a board may suspend or revoke a license on the ground that the licensee has been convicted of a crime, if the crime is substantially related to the qualifications, functions, or duties of the business or profession for which the license was issued.

That section has guidelines guiding its enforcement, as set forth in Title 16 of the California Code of Regulations:

> (a) For the purpose of denial, suspension, or revocation of the license of a landscape architect pursuant to Section 141, Division 1.5 (commencing with Section 475), or Section 5675.5 of the Code, a crime, professional misconduct, or act shall be considered substantially related to the qualifications, functions, and duties of a landscape architect if to a substantial degree it evidences present or potential unfitness of a landscape architect to perform the functions authorized by the license in a manner consistent with the public health, safety, or welfare.
>
> (b) In making the substantial relationship determination required under subsection (a) for a crime, the Board shall consider all of the following criteria:
>
> (1) The nature and gravity of the offense.
>
> (2) The number of years elapsed since the date of the offense.
>
> (3) The nature and duties of a landscape architect.

Cal. Code. Regs. tit. 16, § 2655(a)-(b). These guidelines are sufficient to avoid arbitrary enforcement. Such definitional support is, both here and in most instances, enough to fend off a void-for-vagueness challenge. *See Human Life of Wash., Inc. v. Brumsickle*, 624 F.3d 990, 1021 (9th Cir. 2010) ("[O[therwise imprecise terms may avoid vagueness problems when used in combination with terms that provide sufficient clarity, and vagueness challenges will be rejected when it is clear what the ordinance as a whole prohibits . . . .") (internal quotation marks and citations omitted). As defendants note, the guidelines required the board to weigh the offense and its relation to the duties of a landscape architect. The board did so in this instance, adopting the ALJ's decision finding that "[a]fter [plaintiff] is released from prison, he will remain on the supervised release as a registered sex offender with stringent requirements that prohibit him from being outside near children. These are places where a landscape architect, such as [plaintiff], would likely work in his or her profession." ECF No. 30 at 66. Crucially, I do not weigh whether the decision was correct, and there may be plausible arguments that plaintiff's crime was not substantially related to the duties of a landscape architect, but the outcome is a separate question not at issue here. *See Chapman v. United States*, 500 U.S. 453, 467 (1991) (plausible arguments against a decision based on the statute do not necessarily imply that the statute is vague). Finally, I note that regulations authorizing civil penalties, like the revocation of a professional license, are

held to a less stringent standard than ones for criminal penalties "because the consequences of imprecision are qualitatively less severe." *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 498-499 (1982).

Neither can it reasonably argued that section 2655 is itself void for vagueness. The guidelines contained therein "establish minimal guidelines to govern law enforcement" by relying, at least in part, on objective criteria like the nature of the offense in question and the amount of time elapsed since its occurrence. *See Posters 'N' Things v. United States*, 511 U.S. 513, 526 (1994) ("[O]bjective criteria . . . minimize the possibility of arbitrary enforcement and assist in defining the sphere of prohibited conduct under the statute.").

### b. Section 5615

Section 5615 of the California Business and Professions Code provides the definition for a landscape architect:

> "Landscape architect" means a person who holds a license to practice landscape architecture in this state under the authority of this chapter.
>
> A person who practices landscape architecture within the meaning and intent of this article is a person who offers or performs professional services, for the purpose of landscape preservation, development and enhancement, such as consultation, investigation, reconnaissance, research, planning, design, preparation of drawings, construction documents and specifications, and responsible construction observation. Landscape preservation, development and enhancement is the dominant purpose of services provided by landscape architects. Implementation of that purpose includes: (1) the preservation and aesthetic and functional enhancement of land uses and natural land features; (2) the location and construction of aesthetically pleasing and functional approaches and settings for structures and roadways; and, (3) design for trails and pedestrian walkway systems, plantings, landscape irrigation, landscape lighting, landscape grading and landscape drainage.

I see nothing in this provision, and plaintiff has not offered any cogent argument, why this definition is unconstitutionally vague or subject to arbitrary enforcement.

### c. Section 125.3

This provision of the California Business and Professions Code allows an ALJ to award the board costs to cover the investigation and prosecution of a licensee. It provides:

> Except as otherwise provided by law, in any order issued in resolution of a disciplinary proceeding before any board within the department or before the [board], upon request of the entity bringing the proceeding, the administrative law judge may direct a licensee found to have committed a violation or violations of the licensing act to pay a sum not to exceed the reasonable costs of the investigation and enforcement of the case.

The California Supreme Court laid out the factors to be considered in determining such an award, including whether the licensee has been successful in getting his charges reduced or dismissed at a hearing, his subjective good faith in the merits of his position, whether he has raised a colorable challenge to the proposed discipline, the financial ability of the licensee to pay, and whether the scope of the investigation was appropriate or proportional to the licensee's alleged misconduct. *Zuckerman v. State Bd. of Chiropractic Examiners*, 29 Cal. 4th 32, 45 (2002). As such, I find that minimal guidelines exist, and the provision is not unconstitutionally vague or predisposed to arbitrary enforcement. The ALJ indicated that she had considered those factors and found an award of costs appropriate. ECF No. 30 at 66-67. Even if, as plaintiff alleges, the ALJ failed to consider his ability to pay, that does not show that the provision itself is unconstitutional. As defendants point out, his remedy in that situation was to file a state court appeal. They are entitled to summary judgment on this claim.

2. <u>Substantive Due Process Claims</u>

Defendants argue that none of plaintiff's substantive due process claims remain active. I agree. In Judge Brennan's prior findings and recommendations addressing plaintiff's motion to dismiss, he identified plaintiff's active claims. ECF No. 78 at 3-6. None sounded in substantive due process, and I decline to read new claims in the ambiguity of plaintiff's complaint at this stage of the litigation.

3. <u>Claim that Defendant McKinney Failed to Provide Plaintiff with Notice of the Deadline for Filing a Writ of Mandate</u>

Plaintiff alleges that defendant McKinney failed to provide him with notice of the deadline to file a writ of mandate challenging the board's decision. ECF No. 30 at 23. As defendants note, however, plaintiff still managed to file a timely writ. ECF No. 143-5 at 4. And

1  plaintiff has not cited any authority that obligated defendant McKinney or the board to provide

2  him with notice of publicly available deadlines.¹ Defendants are entitled to summary judgment

3  on this claim.

####         4.     Defendant McKinney's Determination that the Petition was Untimely

Plaintiff alleges that defendant McKinney violated his rights by incorrectly determining that his petition for reconsideration of the board's decision was untimely, and that defendant McCauley violated his rights by failing to correct that mistake. ECF No. 30 at 26-27. But there is no due process right to be free from an incorrect decision; the question is whether plaintiff was afforded the process he was owed. *See Bishop v. Wood*, 426 U.S. 341, 350 (1976) ("The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."). And, as defendants point out, the decision of whether to take up plaintiff's request for reconsideration was discretionary. *See* Cal. Gov. Code § 11521(a) ("The agency itself *may* order a reconsideration of all or part of the case on its own motion or on petition of any party.") (emphasis added). Defendants are entitled to summary judgment on this claim.

####         5.     Procedural Due Process Claim Against the Board for Failing to Provide Notice of Government Code section 11523 and Failing to Grant the Petition for Reconsideration

Plaintiff claims that the board violated his procedural due process rights by failing to provide him with notice of Government Code section 11523 and for failing to grant his petition for reconsideration. As noted above, however, the board had discretion whether even to take up his request for reconsideration. It follows that he had no right to a grant of that petition. And, as to the failure to provide him with notice of section 11523, defendants correctly point out that plaintiff had no right to notice of that provision, and the failure to provide it does not violate any federal law. *See City of W. Covina v. Perkins*, 525 U.S. 234, 241 (1999) (holding that there is no

---

¹ By contrast, the regulations do require the agency to notify plaintiff of the deadline for filing a petition for reconsideration. *See* Cal. Gov. Code § 11521 (a). Those deadlines were provided insofar as government code section 11521 was provided to plaintiff alongside the board's decision. ECF No. 30 at 60.

federal due process right to "individualized notice of state-law remedies which, like those at issue here, are established by published, generally available state statutes and case law").

### 6. December 2013 Denial of Hearing and Renewal

Finally, plaintiff alleges that the board violated his due process rights by failing to provide him with a hearing when he requested that it review his license status in December 2013 and that it erroneously denied him a license renewal. ECF No. 30 at 30-32, 40. Plaintiff has failed to point to any statute or law that would entitle him to a hearing on his license status and, as noted above, plaintiff has no due process right to be free from erroneous decisions.

### Conclusion

Based on the foregoing, it is hereby RECOMMEND that defendants' motion for summary judgment, ECF No. 143, be GRANTED and that judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 17, 2024                             _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE

11